NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued January 14, 2022
Decided May 27, 2022

**Before**

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 21-2186

| | |
|---|---|
| GREEN BEGINNINGS, LLC, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 2:20-cv-01661-WED |
| WEST BEND MUTUAL INSURANCE COMPANY, *Defendant-Appellee*. | William E. Duffin, *Judge*. |

**O R D E R**

Green Beginnings, LLC, a childcare facility in Chicago, Illinois, appeals the district court's dismissal of its complaint seeking declaratory judgment against West Bend Mutual Insurance Company for denying coverage for losses and expenses associated with state government shutdown orders during the COVID-19 pandemic. On appeal, Green Beginnings argues that the district court erred in concluding that it did not suffer "direct physical loss or damage" within the meaning of the policy, and that the shutdown orders did not trigger coverage under the policy's communicable disease provision. There is no dispute that Illinois law applies here.

We have already considered and rejected these precise arguments under Illinois law in *Sandy Point Dental, P.C. v. Cincinnati Insurance Co.*, 20 F.4th 327 (7th Cir. 2021), and *Paradigm Care & Enrichment Center, LLC v. West Bend Mutual Insurance Co.*, No. 21-1695, 2022 U.S. App. LEXIS 11939 (7th Cir. May 3, 2022).

Regarding Green Beginnings' first contention, we determined in *Sandy Point* that "direct physical loss or damage" refers to "alteration in appearance, shape, color, or … other material dimension" or "complete physical dispossession of property." 20 F.4th at 331, 334. Green Beginnings argues that COVID-19 caused "loss of use" of the insured premises by structurally altering the premises' air, physical space, and property surfaces. We rejected these arguments in *Sandy Point*. There, we found that COVID-19 has a negligible impact on physical property, as "it may be wiped off surfaces using ordinary cleaning materials, and it disintegrates on its own in a matter of days," leaving property physically unchanged. *Id.* at 335. Furthermore, we determined that COVID-19 does not generally result in complete physical dispossession of property. Indeed, here as in *Sandy Point*, the insured retained partial use of its premises under the shutdown orders. *Id.* at 334. In sum, the district court correctly applied Illinois law on this point.

Green Beginnings next argues that it was entitled to coverage under the policy's communicable disease provision. This argument fares no better. The provision covers Green Beginnings' losses and expenses if a government board of health shuts down its operations "due to an outbreak of a 'communicable disease' … at the insured premises." Green Beginnings' policy language is materially similar to the communicable disease provision in *Paradigm Care*. There, we determined that the language "due to" was key to understanding the provision. 2022 U.S. App. LEXIS 11939, at *12. Specifically, we concluded that the phrase "due to" required "*some* degree of causation between a shutdown order and a communicable disease outbreak at the insured premises." *Id.* (quotation marks omitted). Because the shutdown orders would have been issued verbatim even if the insured premises in that case did not exist, we reasoned that the shutdown orders were not "due to" conditions present at the insured premises. *Id.* at *12–13. This reasoning applies with equal force here. The Illinois shutdown orders were not promulgated because of conditions at Green Beginnings' insured premises—they applied to the entire State of Illinois as a prophylactic measure.

Having reviewed the briefs and relevant law, we conclude that there are no other outstanding legal issues left unresolved by the analysis above. Accordingly, we AFFIRM the judgment of the district court.